UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4863

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORINDA LEIGH CONKLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (CR-99-83)

Submitted:  March 21, 2007          Decided:  April 19, 2007

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel K. Read, Abingdon, Virginia, for Appellant.  Randy Ramseyer, United States Attorney, Zachary T. Lee, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia; John L. Brownlee, United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorinda Conklin[1] appeals the district court's order revoking her supervised release and sentencing her to thirty-six months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but requesting this court review the reasonableness of Conklin's revocation sentence. Conklin did not file a pro se supplemental brief, despite being notified of her right to do so. The Government declined to file a responding brief. Finding no reversible error, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir.), cert. denied, 2007 WL 789123 (U.S. Mar. 19, 2007) (No. 06-7631). While the district court must consider the policy statements contained in U.S. Sentencing Guidelines Manual ("USSG") Ch. 7 (2004) and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2006), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439.

---

[1]Counsel's brief reflects the Appellant's current last name of Williams.

Under Crudup, we must first consider whether the sentence imposed upon the revocation of supervised release falls within the applicable statutory maximum. Crudup, 461 F.3d at 440. Although Conklin's sentence was substantially above the advisory guideline range of six to twelve months, see USSG § 7B1.4(a) (2004), it was within the applicable statutory maximum of three years' imprisonment. See 18 U.S.C. § 3583(e)(3) (West 2000 & Supp. 2006).

Next, we must determine whether the sentence is procedurally or substantively unreasonable. Only if the sentence is found unreasonable will we decide whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 437. A sentence is procedurally reasonable if the district court considered the advisory sentencing guidelines range and the § 3553(a) factors that it is permitted to consider in a supervised release revocation case. Id. at 440. Further, a sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed (up to the statutory maximum). Id.

A thorough review of the sentencing transcript indicates the district court sufficiently considered the advisory sentencing guidelines range and several of the § 3553(a) factors. These factors included providing Conklin with appropriate medical care[2]

---

[2]Conklin suffers from bipolar disorder, anxiety, and panic attacks. An examiner concluded Conklin's mental illness did not interfere with her ability to appreciate the nature and quality or

and other correctional treatment in the most effective manner as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.[3]  See 18 U.S.C.A. § 3553(a)(2) (West 2000 & Supp. 2006).  Although the district court did not explicitly refer to these or any other factors, a sentencing court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  In light of this record, and the "substantial latitude" and "broad discretion" accorded district courts in devising appropriate revocation sentences, Crudup, 461 F.3d at 439, we are confident the court properly took all relevant factors into account in devising its revocation sentence.[4]  See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (consideration of issues fully presented for determination is implicit in court's ruling).  Furthermore, we find

wrongfulness of her actions, as well as the consequences of her wrongful acts.

[3]The probation officer's violation report alleged Conklin committed welfare fraud, submitted untruthful and incomplete financial reports, provided false responses to the probation officer's inquiries, failed to report her shoplifting arrest, and failed to satisfy her monthly restitution payments.  Conklin admitted to this conduct at the revocation hearing.

[4]Additionally, we conclude the district court did not abuse its discretion in denying motions for a downward departure and for a rehearing.

the district court stated a proper basis for concluding Conklin should receive the sentence imposed.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Conklin's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Conklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Conklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conklin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>